IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARLOS E. LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH M. ARPAIO, et al.,<br><br>    Defendants. | No. CV 07-2616-PHX-ROS (BPV)<br><br>**REPORT AND RECOMMENDATION** |

On October 15, 2008, the Court ordered Plaintiff to show cause why why this case should not be dismissed without prejudice, for failure to serve the Defendants pursuant to Rule 4(m), Fed.R.Civ.P., by filing a writing with this Court on or before November 7, 2008. (Doc. No. 7.) Plaintiff was further notified that the case would be dismissed, without further notice, should Plaintiff fail to timely comply with the order to show cause. Plaintiff has not responded to the order to show cause.

Plaintiff initiated this action against Defendants on December 26, 2007. An amended complaint was filed on April 21, 2008. On August 26, 2008 the Court screened the Complaint, and while dismissing Counts I-II, IV-V, VII-X, and XII-XIV, and all unidentified defendants, "Doe's I-XX", ordered service of Counts III, VI, and XI on Defendant Arpaio. Plaintiff was given 20 days from the filing date of the service order to return the service packet to the Clerk of Court for service on

1  Defendant Doe.  Plaintiff was notified that the United States Marshal would not
2  provide service of process if Plaintiff failed to return the service packet in 20 days.
3  Plaintiff was also notified that if he did not obtain a waiver of service of the summons
4  or complete service of the Summons and Complaint on the Defendant within 120 days
5  of the filing of the complaint or within 60 days of the filing of the screening order,
6  whichever was later, the action might be dismissed as to each Defendant not served
7  pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil
8  Procedure 16.2(b)(2)(B)(i).  Additionally, Plaintiff was notified that failure to timely
9  comply with every provision of the order might result in dismissal of the action
10 without further notice.  (Document #3).
11      A copy of the screening order and a service packet were mailed to Plaintiff on
12 August 26, 2008.  (Docket notation).
13      More than 120 days from the date the original complaint was filed have passed
14 as well as more than 60 days from the date the screening order was filed, and Plaintiff
15 has not made proof of service.  Rule 4(m), Fed. R. Civ. P., provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint, the court, upon motion
> or on its own initiative after notice to the plaintiff, shall dismiss the
> action without prejudice as to that defendant or direct that service be
> effected within a specified time;  provided that if the plaintiff shows
> good cause for the failure, the court shall extend the time for service for
> an appropriate period.

On October 15, 2008, the Magistrate Judge entered an Order to Show Cause ordering Plaintiff to show cause why this case should not be dismissed without prejudice for failure to serve Defendant, pursuant to Rule 4(m), Fed. R. Civ. P., by filing a writing with the Court on or before November 7, 2008.

To date, Plaintiff has not responded to the order to show cause.

**FAILURE TO PROSECUTE**

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to complete service of the Summons and Complaint on the Defendant within 120 days of the filing date of the complaint or within 60 days of the filing of the order constitutes failure to prosecute.

The order required Plaintiff to complete and return a service packet for Defendant to the Court by September 15, 2008. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Furthermore, Plaintiff was warned that his failure to acquire a waiver of service from Defendant or to complete service of process on Defendant within 120 days of the date he filed his complaint, or 60 days from the filing date of that order would result in the dismissal of the complaint. The civil docket in this matter indicates that Plaintiff has failed to acquire a waiver of service from Defendant or to complete service of process on Defendant well beyond both of these deadlines.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action...." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in

-3-

1 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve Defendant, or to actively participate in this case prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. In this case, particularly, the alleged events occurring over two years ago, there are statute of limitations concerns that a dismissal without prejudice would render possibly unresolvable. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## **RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that the "Civil Rights Complaint By A Prisoner First Amended Complaint" (Doc. No. 5) and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 07-2616-PHX-ROS.**

DATED this 8th day of December, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge